**ORIGINAL**

United States District Court for the District of Hawaii

~~United States District Court for the District of Oakland~~ MB    IFP SUBM.

**Plaintiff Information:**

Michael Bonazza

808-853-9023

2092 Kuhio Avenue Apt 2402

Honolulu, HI 96815

**Defendant Information:**

MUFG Union Bank

1221 Broadway

Oakland, CA 94612

**Contents:**

1) Complaint,
2) EEOC Inquiry,
3) EEOC Charge
4) EEOC Right to Sue
5) ~~Civil Cover Sheet~~ MB
6) Filing Fee
7) Summons

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 23 2023

at 11 o'clock and 30 min. A M
John A. Mannle, Clerk LS

CC: JMS / FILON

CV23 00103 JMS KJM

**Question for the court:**

Is it not discriminatory to introduce high-impact business value only to be told you can't benefit economically because of your sex and your race? Does it not cause unnecessary hardship to use identify politics, which forces me into the judicial system, instead of properly structuring a business transaction? I don't believe this is a conversation about merit anymore. It's a conversation about pay discrimination that has caused a major disruption to my life.

**Details:**

I believe I was subject to pay discrimination on the basis of being white and male when my employment was not made permanent (an option in the contract), which limited my contract to 2 years, that in aggregate would have paid me $212,000 in total and in no way reflected the business value I helped introduce to the bank i.e. 2 million dollars over 12 months per a KPMG estimate. This despite me asking numerous times for a permanent role in the organization – before, during and after the contract -, which normally lasts about five years and includes the ability to bonus (my contract did not). I was also effectively told that jobs which are long-term and above the cost of living are being reserved for women and minorities which is consistent with messaging from my time at the bank in 2017.



It is psychologically de-motivating to bring new and high-impact business value only to be evaluated based on a demographic that has not been given priority for the past 5 years in promotional opportunities - and when you consider white males are already adequately represented in a protected category (the over 40 bracket). Because I was not given better terms for employment, I had little opportunity for growth as just another temporary white worker under 40. Devaluing my labor also led to real-world hardship as evidenced by a failed home purchase, a recent employment gap and my inability to find comparable work, which have all been difficult events to endure physically and psychologically.

I think what the 2022 contract at the bank made clear (if it didn't already in 2017) is that a policy focused on diversity and inclusion can be racist and sexist if new business value is introduced by the person who is not in a protected category, which ultimately leads to several disadvantages such as a being put in a contract that is 1) short-term 2) underpaid and 3) does not allow for bonus - all while living under conditions that are less than ideal. On the other hand, if I didn't create new business value, and I just sued based on demographic - I would concede that this case would be impossible.

That is why, considering my unique role introducing excel desktop automation into back-office accounting & reporting operations, I am seeking in the form of a settlement 8 years of top-level assistant vice president pay (approx 106k) to reflect the premium of my contribution. Less the salary I was already paid (approx 30k) for the automation work performed during my contract (106k per year) between June 2022 and September 2022.

About $818,000 before tax

I would like the court to consider the challenging corporate political environment across the country as well as consider that I am prepared to defend (with email evidence) a settlement of up to 1 million dollars based on my traceable role in creating business value for the bank (50% of KPMG's initial 1.9 million dollar estimate). My 2022 employment contract could and should have been structured properly to benefit all parties. I don't just believe my contract wasn't structured properly because I am not part of a protected demographic outside of being white and male - I was outright told that.

In the absence of protection over the past 5 years, I am hopeful that in 2023 and beyond - being white and male are traits that are still protected under the law. Introducing Microsoft desktop automation to senior leadership at MUFG Union Bank objectively led to a top 3 corporate FP&A event in the history of corporate – I don't think any value should be lost on account of someone's demographic. Imagine a world where Steph Curry doesn't get paid his economic value in the NBA because of his sex and his race - regardless of talent or how many tickets he sold.

I don't want to live in that world, either.

*Mike B*   2/25/2023
Michael Borazza