IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL BONAZZA,<br><br>Plaintiff,<br><br>vs.<br><br>MUFG UNION BANK,<br><br>Defendant. | CIV. NO. 23-00103 JMS-KJM<br><br>ORDER GRANTING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 6, AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF VENUE |

### ORDER GRANTING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS, ECF NO. 6, AND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF VENUE

### I. INTRODUCTION

On February 23, 2023, pro se Plaintiff Michael Bonazza ("Plaintiff") filed a Complaint against MUFG Union Bank ("Defendant"). ECF No. 1. That same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 3, which was denied without prejudice and Plaintiff was ordered to file a fully completed one. ECF No. 5. On March 2, 2023, Plaintiff filed a second IFP Application, ECF No. 6 ("Second IFP Application"), along with a "Summary of Financial Picture," ECF

No. 7 ("Financial Summary").[1]  For the reasons discussed below, the court (1) GRANTS the IFP Application, ECF No. 6, and (2) ORDERS Plaintiff to SHOW CAUSE by **March 29, 2023**, why this action should not be dismissed without prejudice or transferred for lack of venue.

## II.  IFP APPLICATION

Federal courts may authorize the commencement of any suit without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).  Although § 1915(a) does not require a litigant to demonstrate "complete destitution," *Adkins*, 335 U.S. at 339,

---

[1] Subsequently, Plaintiff filed "Commentary Related to the Case and Attached Article" on March 6, 2023, ECF No. 8, "Damages Schedule," ECF No. 9, and "Settlement Comments," ECF No. 10.  These extraneous documents have no bearing on this Order and Order to Show Cause.

2

the applicant must nonetheless show "with some particularity, definiteness, and certainty," *Escobedo*, 787 F.3d at 1234 (quotation marks omitted), that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

As set forth in the Second IFP Application and Financial Summary, Plaintiff is not employed, earns no income, and has not been able to collect unemployment benefits. ECF No. 6 at PageID.27; ECF No. 7 at PageID.30. Plaintiff indicates that he has no dependents, no assets (liquid or otherwise), no monthly expenses (which are being covered by his partner, with whom he lives), and no funds in checking or savings accounts. ECF Nos. 6 & 7; ECF No. 7-3 at PageID.37. Plaintiff has spent the limit on his credit card and he cannot afford the monthly payments. ECF No. 6 at PageID.28; ECF Nos. 7-3 & 7-4.

Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed in forma pauperis (i.e., without prepayment of fees); therefore, the court GRANTS Plaintiff's IFP Application.

### III.  BACKGROUND

The court construes the Complaint to assert claims of employment discrimination under Title VII of the Civil Rights Act of 1964 based on a failure to hire. ECF No. 1 at PageID.1. According to the Complaint, Plaintiff was temporarily hired under contract by Defendant, a financial institution located in Oakland, California, for work performed between June 2022 and September 2022

("2022 contract"). ECF No. 1. Plaintiff alleges he was subject to discrimination when Defendant decided not to exercise an option in the 2022 contract to extend permanent employment to him because he is a white male and was "effectively told that jobs which are long-term and above the cost of living are being reserved for women and minorities." *Id*. at PageID.1. Plaintiff seeks an $818,000 "settlement," which represents "8 years of top-level assistant vice president pay," minus what he was paid under the 2022 contract (approximately $30,000), to reflect the amount of his contribution. *Id*. at PageID.2.

## IV.  DISCUSSION

"A court may raise and decide the issue of venue sua sponte." *Ragan v. Oliver*, 2022 WL 16724503, at *1 (E.D. Cal. Oct. 20, 2022) (citations omitted). The general federal venue statute provides three instances in which it is proper:

> [V]enue is proper in a judicial district (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Crane v. City of Dunsmuir*, 2021 WL 603030, at *1 (N.D. Cal. Jan. 4, 2021) (quoting 28 U.S.C. § 1391(b) (internal quotation marks omitted)). Here, it seems clear that the first and third grounds to provide venue do not apply. That is, the

focus is on whether a substantial part of the events or omissions giving rise to Defendant's claim occurred in the District of Hawaii. And the second prong

> does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate. Rather, it is sufficient that a substantial part of the events occurred in the challenged venue, even if a greater part of the events occurred elsewhere. Events, however, that might only have some tangential connection with the dispute in litigation are not enough. Further, in determining whether events or omissions are sufficiently substantial to support venue . . . the court should generally focus on activities of the defendant and not the activities of plaintiff.

*Vigg v. Jaddou*, 2022 WL 3581930, at *2 (N.D. Cal. Aug. 10, 2022) (internal quotation marks and citation omitted).

And 28 U.S.C. § 1404(a) "allows a transfer of venue by motion of either party, or by the court sua sponte, so long as the parties have the opportunity to present their views on the issue." *Crane*, 2021 WL 603030 at *1 (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)). When a case is brought in the wrong venue, the district court in which the case was filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff, who presently resides in Hawaii, ECF No. 1 at PageID.1, names as Defendant MUFG Union Bank, located in Oakland, California. *See id*. Nothing in the Complaint or the attached Equal Employment Opportunity

5

Commission documents suggests that Defendant is located in Hawaii or does business in Hawaii.  *See* ECF No. 1; ECF No. 1-1 at PageID.3; ECF No. 1-2 at PageID.11.  There is no stated connection between Plaintiff's allegations and Hawaii.  And given that (1) Plaintiff's claims of employment discrimination took place in California: the "all-hands meeting" at which Defendant announced a "greater focus on diversity in management"—a policy that allegedly discriminated against Plaintiff's "demographic"—took place in Oakland, ECF No. 1-1 at PageID.5; and (2) the terms of the 2022 contract required him to "physically come back to the Bay Area (instead of working remotely from Hawaii)," Plaintiff appears to be the only party with a clear connection to Hawaii.  Stated differently, there is nothing in the record to suggest that any (much less a substantial) part of the events or omissions giving rise to Plaintiff's claim occurred in the District of Hawaii.  Instead, it appears that the proper venue for this case sits in the Northern District of California.

## V.  CONCLUSION

Based on the foregoing, the court: (1) GRANTS Plaintiff's Second IFP Application, ECF No. 6; and (2) ORDERS Plaintiff to SHOW CAUSE by **March 29, 2023**, why this action should not be dismissed without prejudice or transferred for lack of venue.  Alternatively, if Plaintiff elects not to proceed with this action, he may file, by **March 29, 2023**, a notice of voluntary dismissal

6

without prejudice to pursue his claims in an appropriate venue.  Failure to file, by **March 29, 2023**, a response to this Order to Show Cause or a notice of voluntary dismissal may result in the court sua sponte dismissing this action without prejudice for lack of venue, and for failure to comply with this Order to Show Cause.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, March 8, 2023.



     /s/ J. Michael Seabright
     J. Michael Seabright
     United States District Judge

*Bonazza v. MUFG Union Bank*, Civ. No. 23-00103 JMS-KJM, Order Granting Second Application to Proceed In Forma Pauperis, ECF No. 6, and Order to Show Cause Why Case Should Not Be Dismissed for Lack of Venue